

**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| MONA WATSON CLARK, in her individual capactiy and as Executor of the Estate of Lewis M. Watson,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>INTERNAL REVENUE SERVICE; et al.,<br><br>Defendants - Appellees. | No. 11-17311<br><br>D.C. No. 1:06-cv-00544-MEA-RLP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Hawaii
Marvin E. Aspen, Senior District Judge, Presiding

Submitted June 11, 2013[**]
Honolulu, Hawaii

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Mona Clark submitted several FOIA requests to the IRS and the Tax

Division of the Department of Justice seeking information related to the estate of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

her great uncle. Clark filed suit in district court to enforce her FOIA requests and alleged that the IRS disclosed tax information to an unauthorized third party. After granting partial summary judgment to both parties, the district court allowed a portion of the unauthorized disclosure claim to proceed to trial, after which the court ruled against Clark. We have jurisdiction to hear the appeal under 28 U.S.C. § 1291. We affirm.

The searches ultimately conducted by the IRS and the Tax Division of the Department of Justice were "reasonably calculated to uncover all relevant documents." *Zemansky v. EPA*, 767 F.2d 569, 571 (9th Cir. 1985) (citation omitted). Clark's arguments on appeal are numerous and without merit; it is not necessary to address each individually. Clark simply fails to recognize that "the issue to be resolved is not whether there might exist any other documents possibly responsive to the request, but rather whether the *search* for those documents was *adequate*." *Id.* (citation omitted).

The district court correctly dismissed Clark's claim that the IRS disclosed confidential information from the Watson estate to an unauthorized individual in connection with its examination of the estate's 1981 tax return. To proceed with her claim pursuant to 26 U.S.C. § 7431, Clark had to show that there was a genuine issue of material fact as to whether: (1) there was a disclosure of return

2

information; (2) the disclosure was unauthorized in violation of 26 U.S.C. § 6103; and (3) the disclosure was made negligently or knowingly. *See Aloe Vera of Am., Inc. v. United States*, 580 F.3d 867, 870 (9th Cir. 2009). The only evidence Clark offered was the testimony of her expert witness, which consisted of his "plausible" explanations for various notations made by the IRS. However, his conclusion that "the IRS disclosed confidential taxpayer information [regarding the 1981 tax return] to an unauthorized third party" was not supported by any evidence; it was merely an allegation based on what possibly could have happened during the course of events that he described. The expert also undercut his allegation by stating that "[i]nformation that is contained in the . . . records [that Clark should access with new searches] will reveal whether confidential taxpayer information was disclosed to an unauthorized third party." Clark did not put forth evidence sufficient to defeat summary judgment. *See* Fed. R. Civ. P. 56.

The district court properly dismissed the remainder of Clark's unauthorized-disclosure claim as time-barred. Section 7431(d) contains a statute of limitations that requires claims to be brought "within 2 years after the date of discovery by the plaintiff." 26 U.S.C. § 7431(d). "[A]n action pursuant to section 7431(d) must be filed within two years of the date of discovery of the supposedly improper disclosure, not the date when the plaintiff realizes that a disclosure was

unauthorized." *Aloe Vera*, 580 F.3d at 872. Clark received a phone call in 1990 from her attorney who told her that he received a tax refund check from an attorney affiliated with the former executor of the Watson estate. Clark knew at that time that he was no longer the executor of the estate. The information contained in the check constituted disclosures—for example, the amount of the refund—and Clark was told that this information had been received by someone who she knew was not authorized to receive it. *See* 26 U.S.C. § 6103(b)(2), (8). Clark had notice of the violation in 1990. Her claim in 2006 was not timely, and the district court correctly concluded that it did not have jurisdiction. *See Aloe Vera*, 580 F.3d at 872.

The district court did not abuse its discretion when it denied Clark's motion to recuse Judge Aspen. Clark's first argument was that Judge Aspen's assignment from out of circuit warranted his recusal. Clark raised this argument a year after the case had been reassigned to Judge Aspen and after the case had gone to trial. Clark did not raise her objection with "reasonable promptness," so we do not entertain it. *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991). Clark's second argument was that Judge Aspen's financial interest in an entity called BSV required his recusal. The district court acted within its discretion when it found that Judge Aspen had "no financial interest in the outcome of" Clark's dispute with

4

the IRS and rejected Clark's argument on that basis. *Herrington v. Sonoma Cnty.*, 834 F.2d 1488, 1503 (9th Cir. 1987).

**AFFIRMED.**